# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| GREGORY BENNETT, | Case No. 2:20-cv-01388-GMN-DJA |
| Petitioner, | |
| v. | **ORDER** |
| STATE OF NEVADA, et al., | |
| Respondents. | |

Petitioner Gregory Bennett, a *pro se* Nevada prisoner, has filed an Application to Proceed *In Forma Pauperis* (ECF No. 1) and Petition for Writ of Mandamus or Prohibition (ECF No. 1-1). Following initial review, the Court concludes that Bennett's petition is subject to multiple substantial defects and dismisses this action.

## **BACKGROUND**

Bennett's petition indirectly challenges a 2006 judgment of conviction entered by the Second Judicial District Court for Washoe County ("state court"). *State of Nevada v. Bennett*, Case No. CR04-2871C.[1] Bennett was convicted of seven counts of obtaining and/or using the personal identification of another, two counts of burglary, one count of possession of a credit card without consent, two counts of possession of a forged instrument, and one count of possession of visual presentation depicting sexual conduct of a person under sixteen years of age. The Nevada Supreme Court affirmed the conviction on direct appeal.

The Nevada courts denied Bennett's state habeas corpus petition seeking post-conviction relief. This Court later denied federal habeas corpus relief. *See Bennett v. Benedetti*, 3:10-cv-0159-RCJ-VPC, ECF No. 50 (D. Nev. Oct. 15, 2013) (denying § 2254 petition on its merits as

---

[1] The Court takes judicial notice of the docket records of the Second Judicial District Court and Nevada appellate courts, which may be accessed by the public online at: https://www.clarkcountycourts.us/Anonymous/default.aspx and http://caseinfo.nvsupremecourt.us/public/caseSearch.do. The Court also takes judicial notice of Bennett's current status as reported by the Nevada Department of Corrections' ("NDOC") online records. The inmate search tool may be accessed by the public online at: https://ofdsearch.doc.nv.gov/.

well as a certificate of appealability). The Ninth Circuit then denied a certificate of appealability. *Bennett v. Benedetti*, Case No. 13-17111 (9th Cir. Feb. 19, 2014).

In addition, Bennett has made multiple attempts over the years to collaterally attack his criminal conviction in this Court. *See Bennett v. Second Jud. Dist. Ct.*, 3:07-cv-0430-BES-RAM, ECF No. 4 (D. Nev. June 23, 2008) (petition for writ of mandamus dismissed for lack of jurisdiction); *Bennett v. Nevada Supreme Ct.*, 3:10-cv-0093-RCJ-RAM, ECF No. 5 (D. Nev. Mar. 4, 2010) (petition for writ of prohibition / writ of error dismissed for lack of jurisdiction); *Bennett v. State of Nevada*, 3:16-cv-0420-RCJ-WGC, ECF No. 8 (D. Nev. Sept. 22, 2016) (dismissing for a lack of federal jurisdiction petition for writ of prohibition challenging state court's subject matter jurisdiction), *appeal dismissed as frivolous*, Case No. 16-16943 (9th Cir. Mar. 15, 2017).

## **DISCUSSION**

### **I.  IFP APPLICATION**

Bennett has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis* ("IFP"), meaning without prepaying the filing fee.[2] The Court may authorize a prisoner to begin a civil action without prepaying fees or costs if the prisoner submits an IFP application on the court's form along with the appropriate supporting documentation. 28 U.S.C. § 1915(a); LSR 1-1, LSR 1-2. However, a district court may deny IFP status at the outset if it appears from the face of the pleading "that the action is frivolous or without merit." *Minetti v. Port of Seattle*, 152 F.3d 1113, 1115 (9th Cir. 1998) (quotation omitted). Consistent with this principle, a district court may properly deny an IFP application where the movant has not carried his burden of establishing jurisdiction. *See id.*; *McGee v. Dep't of Child Support Servs.*, 584 F. App'x 638 (9th Cir. 2014)

---

[2] The Court assumes without deciding that the $5.00 filing fee for a habeas petition is applicable to this action even though Bennett has filed a petition for a writ of mandamus or prohibition rather than a petition for a writ of habeas corpus under 28 U.S.C. § 2254. *E.g.*, *Anderson v. Eighth Jud. Dist. Ct.*, 3:18-cv-0414-MMD-CBC, ECF No. 11 (D. Nev. Oct. 5, 2018) (noting that $5.00 filing fee would apply to similar petitions); 2:19-cv-0273-JAD-VCF, ECF No. 3 (D. Nev. Feb. 19, 2019) (same). *Cf. Washington v. Los Angeles County Sheriff's Dept.*, 833 F.3d 1048 (9th Cir. 2016) (two prior dismissed federal mandamus actions that challenged a state court conviction did not constitute "a civil action" so as to constitute "strikes" for purposes of the three-strikes rule in 28 U.S.C. § 1915(g)); *but see* 28 U.S.C. § 1914(a) ("The clerk of each district court shall require the parties instituting *any* civil action, suit or proceeding in such court, *whether by original process*, removal or otherwise, to pay a filing fee of $350, *except that on application for a writ of habeas corpus* the filing fee shall be $5.") (emphasis added).

(affirming denial of IFP application where subject matter jurisdiction was lacking); *Ghazibayat v. SBC Advanced Sols., Inc.*, 288 F. App'x 408 (9th Cir. 2008) (affirming denial of IFP application where complaint was barred by *Rooker-Feldman* doctrine on its face).

Bennett has requested authority to proceed IFP and submitted the financial affidavit required by § 1915(a) asserting that he is unable to prepay fees and costs or give security for them. (ECF No. 1.) However, his application is incomplete. He failed to include a financial certificate signed by an authorized NDOC officer or a copy of his inmate trust account statement. But regardless of these missing items, it is clear from the face of his petition that this Court lacks jurisdiction. Thus, Bennett's IFP application will be denied as moot.

## II. THE PETITION

Bennett's petition is subject to multiple substantial defects. First, Bennett improperly filed his petition as one for "Writ of Mandamus or Prohibition." However, he is in custody pursuant to a Nevada judgment of conviction so 28 U.S.C. § 2254 is the only potential avenue of federal relief. *See White v. Lambert*, 370 F.3d 1002, 1005–07 (9th Cir. 2004), *overruled on other grounds by Hayward v. Marshall*, 603 F.3d 546, 555 (9th Cir. 2010) (en banc).

Second, a federal district court does not have jurisdiction over an action brought against the State of Nevada, the Second Judicial District Court, or Reno Justice Court. Bennett may not proceed directly against the State of Nevada or an arm of the State—such as a state district court or justice court—in federal court because of the state sovereign immunity recognized by the Eleventh Amendment. *E.g.*, *O'Connor v. State of Nevada*, 686 F.2d 749 (9th Cir. 1982) (state district court). State sovereign immunity bars an action against the state or an arm of the state in federal court regardless of the relief sought. *E.g.*, *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 101–02 (1984).

Third, a federal district court does not have appellate jurisdiction over a state court or state supreme court, whether by direct appeal, writ of mandamus, writ of prohibition, an exercise of supervisory jurisdiction, or otherwise. *See*, *e.g.*, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482–86 (1983); *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003). Generally, the *Rooker-Feldman* doctrine prevents "a party losing in state

court … from seeking what in substance would be appellate review of the state judgment in a United States district court." *Henrichs v. Valley View Dev.*, 474 F.3d 609, 611 (9th Cir. 2009) (citation omitted).

As noted above, this Court denied federal habeas corpus relief in 2013. *See Bennett v. Benedetti*, 3:10-cv-0159-RCJ-VPC, ECF No. 50 (D. Nev. Oct. 15, 2013). The Antiterrorism and Effective Death Penalty Act ("AEDPA") generally limits habeas petitioners to one round of federal habeas review. 28 U.S.C. § 2244. Bennett has already received federal habeas review of his conviction. To receive further collateral review, he must secure permission from the Ninth Circuit to file a second or successive § 2254 habeas petition.[3] *See Brown v. Muniz*, 889 F.3d 661, 667 (9th Cir. 2018) (under § 2244(b)(3), federal district courts lack jurisdiction to entertain a petitioner's successive habeas petition absent permission from the court of appeals to do so).

IT IS THEREFORE ORDERED:

1. Petitioner Gregory Bennett's Application to Proceed *In Forma Pauperis* (ECF No. 1) is **DENIED as moot**.
2. The Clerk of Court is instructed to FILE the Petition for Writ of Mandamus or Prohibition (ECF No. 1-1) on the docket.
3. Bennett's Petition for Writ of Mandamus or Prohibition (ECF No. 1-1) is **DISMISSED for lack of jurisdiction**.
4. The Clerk of Court is further directed to CLOSE this case and ENTER judgment accordingly.

DATED: July 29, 2020

GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE

---

[3] The All Writs Act, 28 U.S.C. § 1651, allows the Court to grant extraordinary writs where the Court has jurisdiction. *Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28, 33–34 (2002). Thus, it does not provide an independent basis for jurisdiction for a petition for a writ of mandamus or prohibition. *See id.*